**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

AMALGAMATED TRANSIT
UNION LOCAL 1395,

    Plaintiff,

v.                                        Case No. 3:07-cv-120/LAC/MD

PENSACOLA BAY TRANSPORTATION LLC,

    Defendant.
_____/

**O R D E R**

This cause is before the Court on an Application to Confirm Arbitration Award filed by Plaintiff Amalgamated Transit Union, Local 1395 ("Union") (doc. 1). Pending also is a Motion for Summary Judgment filed by Defendant Pensacola Bay Transportation, LLC ("Pensacola Bay") (doc. 5), to which Plaintiff has responded (doc 12). The Court has taken the matter under advisement and is now prepared to rule.

**I. BACKGROUND**

The facts in this case are free from dispute. Defendant Pensacola Bay Transportation, LLC ("Pensacola Bay"), provides special transportation for disadvantaged persons within

Escambia County, Florida, and to that end it employs vehicle drivers, mechanics and vehicle cleaners, whose employment is covered under a Collective Bargaining Agreement between Pensacola Bay and Plaintiff Amalgamated Transit Union, Local 1395 ("Union").

Until his termination on May 8, 2006, Pensacola Bay employee Derrick Combs held the position of "Wheelchair Driver," which entailed transporting wheelchair-bound passengers in a specially designed bus or van. Combs was terminated after two incidents, both of which occurred in April of 2006 while he was transporting passengers. In the first incident, one of the wheelchair passengers in his vehicle fell backward and was injured. Contrary to what is required in the employee handbook, Combs did not immediately notify the company dispatcher. Although no timely investigation was feasible, the circumstances indicated that the passenger's wheelchair was not properly secured with the vehicle's system of straps. Following the accident, Combs was suspended for one day without pay and made to attend a driver training on proper tie-down procedures. Later that month, a second, similar accident occurred inside Combs' vehicle. Here, Combs admitted that in his haste he failed to fully secure the injured passenger's wheelchair, resulting in the passenger falling backward and injuring herself. As in the first incident, Combs did not immediately notify the dispatcher as required.

Based upon Combs' failure to properly secure the wheelchair passengers and failure to immediately report each incident, Pensacola Bay terminated Combs' employment and provided written notice of termination to the Union. Pursuant to the Collective Bargaining

Agreement, the Union filed a grievance on Combs' behalf, which Pensacola Bay denied. The Union then pursued arbitration and was successful in challenging the termination based on Pensacola Bay's failure to follow the correct procedure for "progressive discipline" under the agreement.  Specifically, after the first incident, Pensacola Bay failed to complete a written report and provide it to Combs, together with a warning that another such incident could result in termination.  Recognizing this, Pensacola Bay stipulated that it was not entitled to use the first incident in determining Combs' "progressive" discipline for the second incident.  Since the agreement specified that only a second preventable incident could result in termination,[1] and since the first incident could not in essence be counted, the arbitrator found termination inappropriate.

The arbitrator therefore ordered Combs to be "restored to his job without back pay" for the time he had been out of work.  Subsequently, Pensacola Bay informed Combs that, while he would be reinstated, he was being reclassified to a "Vehicle Cleaner" position because of the two wheelchair incidents.  Pensacola Bay stated it was taking this action pursuant to its "Management Rights" authority under Article Three of the agreement.[2]

---

[1] Article 21, Section 3(6) of the Collective Bargaining Agreement provides:

    (6). Preventable Client Falls/Injuries:
        1. First Preventable--Counseling by Safety Trainer, Passenger Assistance retraining, One-day suspension and final warning.
        2. Second Preventable--Subject to Termination.

[2] Pensacola Bay cited Article 3, Sections 1(a), (d) and (h) of the Collective Bargaining Agreement, which provides:

    Section 1.  Except as expressly and clearly limited by this Agreement, [Pensacola Bay] reserves and retains exclusively all of its normal and inherent rights with respect to the management of its business, including,

Although Combs' new position earned a lesser salary, Pensacola Bay stated it would continue to pay him the same salary he had earned as a "Wheelchair Driver."

Because these terms were unacceptable, the Union informed Pensacola Bay that Combs would not report to work. Instead, the Union filed a grievance with Pensacola Bay, which Pensacola Bay denied, both on grounds that the grievance was untimely and because Pensacola Bay was within its rights in reclassifying Combs. While this lawsuit was then filed, the status of any subsequent arbitration is unknown.

## II. MOTION FOR SUMMARY JUDGMENT

### A. *Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

but not limited to:
    a. The right to select and direct the number of employees assigned to any particular classification of work.
    . . .
    d. To establish and change work schedules and assignments.
    . . .
    h. Judge the employee's skill, ability, efficiency and qualifications.

242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* at 249, 106 S. Ct. at 2510–11; *see also Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (finding that a court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party" when determining whether a genuine issue exists).

## *B. Discussion*

The Union styles this lawsuit as an "Application to Confirm" the arbitrator's decision and award of reinstatement to Combs under the Collective Bargaining Agreement.[3] Its contention is that Combs should not be reclassified into another position, albeit with the same salary, but that he should be restored to the exact same job he previously held. Pensacola Bay contends that it is in compliance with the arbitrator's decision by returning Combs to work and that beyond that reinstatement it is free to reclassify him or change his work assignments according to its "management authority."

---

[3] The parties cannot settle upon the correct statutory foundation for this action. The Union asserts this action under both § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 9, and pursuant to those statutes it states that the Court's authority is limited to confirming the arbitrator's decision absent particular circumstances not present here. Pensacola Bay contends that latter of these statutes is inappropriate and that the Court should treat the case as a civil action under 29 U.S.C. §185, with formal service of process which the Union did not perfect but which Pensacola Bay nevertheless waives. The Court need not resolve this issue because the analysis is virtually the same under each statute, *see International Chemical Workers Union v. Columbian Chemicals Co.*, 331 F.3d 491, 494-496 (5th Cir. 2003); *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 745-746 (11th Cir. 1988); *International Ass'n of Heat and Frost Insulators and Asbestos Workers, Local Union 34, AFL-CIO v. General Pipe Covering, Inc.*, 792 F.2d 96, 98 (8th Cir. 1986), and in any event the Court's decision rests not upon the merits of the arbitrator's decision but its scope or reach.

The Court agrees with Pensacola Bay. What was rightly before the arbitrator in this case was whether Pensacola Bay's action in terminating Combs was correct under the Collective Bargaining Agreement. The arbitrator identified a specific provision governing the procedures for termination, that is, the notice provision, and the foundation for the arbitrator's decision was the failure of Pensacola Bay to follow that procedure. The decision to reinstate had essentially nothing to do with the substance of Comb's actions. The arbitrator meant only to reverse the specific action of termination because of the procedural failure.

In fact, the arbitrator recognized that, as stated in Article Three of the agreement, Pensacola Bay retained its inherent "management rights" to deal with employees, including the right to terminate, "[e]xcept as expressly and clearly limited by this Agreement." Doc. 5 at 62. While, as the arbitrator found, Article 21 contains such an express limitation on Pensacola Bay's authority to terminate, there appears no such limitation on Pensacola Bay's ability to reassign an employee. Furthermore, even if such a limitation were arguably to exist, it would be a matter for the arbitrator to determine in a separate arbitration whether the limitation should prevent Pensacola Bay's reassignment of Combs. All that has been decided by the arbitrator to date is the inappropriateness of termination under the agreement.[4]

---

[4] The cases cited by the Union have little application here. They involve situations where the decisions to terminate were overruled by the arbitrator on the merits, and where either subsequent or previously unconsidered conduct by the employee was then used by the company to terminate the employee a second time. In these cases, courts upheld the second terminations because the companies relied upon additional factual bases in their decisions. The Union thereby asserts that additional factual grounds are necessary for Pensacola Bay to be able to reclassify Combs. This argument fails because Combs' termination was reversed on procedural grounds only, thus leaving open the option of alternate action or discipline. After

Given the above analysis, the Court's formal ruling becomes somewhat intricate. Since the Union seeks only confirmation of the arbitrator's decision, and Pensacola Bay does not take issue with the inherent correctness of that decision, it seems evident that confirmation should be granted. However, that confirmation represents a "hollow victory" for the Union because the real issue is not with the validity of the ruling but its import, and since the Court does not find that the arbitrator's decision forces Pensacola Bay to return Combs to his "Wheelchair Driver" position, Pensacola Bay has prevailed at least this far in the relief it seeks in the summary judgment motion. Therefore, the Court confirms the arbitrator's decision only to the extent that Pensacola Bay should reinstate Combs' employment. The question of Combs' work assignment or other such ancillary matters is presently a matter for Pensacola Bay to decide, but with the understanding that its decisions would be subject to further arbitration, and subsequent application to this Court, should that course be taken.

---

all, Pensacola Bay did not attempt to terminate Combs a second time, as the companies in the cited cases did, but to reassign him. That one avenue of discipline of had become unavailable to Pensacola Bay because of its failure to follow a particularized procedure does not in and of itself foreclose all other avenues of discipline or of other remedial action. To hold otherwise would be to put Pensacola Bay in the unwieldy and unsavory position of having to augment its termination notice with one or more contingent courses of action in the event the arbitrator reverses the termination.

### III. S<small>UMMARY</small>

The Court's ruling in this matter may be summarized as follows, and IT IS HEREBY ORDERED:

1. Defendant Pensacola Bay Transportation, LLC's motion for summary judgment (doc. 5) is **GRANTED** to the extent stated herein.

2. Plaintiff Amalgamated Transit Union, Local 1395's Application to Confirm Arbitration Award (doc. 1) is **GRANTED** to the extent that the Defendant is required to reinstate Combs' employment under the terms described herein.

3. The Clerk is directed to close this case.

**ORDERED** on this 12th day of February, 2008.

                                                            s/ *L.A. Collier*
                                                         Lacey A. Collier
                                                 Senior United States District Judge